A. Page Smith, S.
The will of Michael G. Farhart was admitted to probate by this court on April 20, 1958. Later it appeared that certain of the distributees had not been cited and after they were cited the will was reprobated on April 7, 1959.
On March 14,1960 a, petition was filed by Edward G. Farhart, one of the three children of Mary Farhart, deceased, a legatee named in the will of Michael G. Farhart, requesting an order construing the will of Michael G. Farhart. Mary Farhart was a sister of Michael G. Farhart who had predeceased the testator. It seems that Mary’s children had requested that the executor of the will pay them, in equal shares, a legacy of $10,000 to Mary which the testator mentioned in his will, on the theory that under section 29 of the Decedent Estate Law said legacy did not lapse. It is alleged in the petition that payment of this legacy was refused on the ground that the legacy had lapsed. The executor filed his account on May 6, 1960 and the application for construction of the will and the accounting proceedings were consolidated.
Upon a hearing in this matter it appears that at the time of his death Michael G. Farhart owned about 97 % of the stock of a corporation known as Farhart’s Garage, Inc., an automobile agency, which in turn owned a garage building at Gloversville, New York. The garage building was sold by the executor after the testator’s death and a purchase-money mortgage was taken in the name of the corporation. This mortgage constitutes an asset of the estate. (Matter of Hubbell, 302 N. Y. 246.)
In his will the testator gave all of his estate to his wife Agnes, if she survived him. She predeceased her husband. In that event the will provides that all of the rest, residue and remainder of the estate after payment of debts and funeral expenses should go to the testator’s brother, Philip Farhart, and his nephew, George Farhart, share and share alike, subject only to the “ condition ” that if a portion of the estate at the time of testator’s death should consist of the garage building and business known as Farhart’s Garage, Inc., that said legatees should pay to Adele Farhart, another sister of the testator, $100 per week as long as she shall live, and should pay to Mary Farhart $1,000 per year for a period of 10 years, or a total of $10,000, such “ conditional bequest ” to be a lien upon the garage real estate dischargeable only by payment of the sum of $50,000 in trust for the benefit of Adele and the payment of $10,000 in cash, less the total of annual payments made to Mary. The will then provides that in the event the testator shall have disposed of the garage business prior to his death, or the stock thereof, or in the event that the brother *233 and nephew should decide to sell the garage business, then the sum of $10,000, less the amount of annual payments theretofore made, should be given to Mary to be hers absolutely and forever, and the sum of $50,000 should be set aside by the executor in trust for production of income payable to Adele in equal installments, with the right to invade the principal if necessary to make the payments of $100 per week. Any balance of the trust remaining at the death of Adele is given to Philip and George, share and share alike.
The executor urges that the condition mentioned in the fore part of the will must be either a condition precedent or a condition subsequent. It does not appear to be either. The testator simply provided for a certain contingency. What testator evidently meant is that in the event he owned the garage and business at the time of his death, the legacy to Adele and Mary should take effect. He then provides for what shall happen in the event he does not own the garage business at the time of his death, and also in the event that Philip and George should sell the garage business. In any of these events, Mary is to receive $10,000, the only difference being that until the garage and business are sold payments to Mary shall be at an annual rate of $1,000. This latter provision could have been made to prevent a sudden financial drain on the business in order to make the payments.
The executor also urges that since the will provides for payment to Mary in annual amounts for a term of years, the bequest constitutes an annuity and the beneficiary must live to collect. The reading of the entire will discloses no basis for this contention. The will makes it plain that in any event the testator intended an absolute gift of $10,000, the only restriction being that if the garage and business were not sold, the legacy should be paid in installments. Adele’s legacy is for life, but no such limitation was placed on Mary’s gift by the testator. If he had intended that the gift to Mary should be only effective in case she survived him, he would have said so. There is no reason to assume that it was an oversight or any reason for this court to inject such a provision into the will. In fact the testator provides that if Philip and George should sell the business, then and in that event Mary should receive $10,000, less any annual payments made, absolutely and forever. Stronger language could hardly be used to indicate an absolute gift. Furthermore, the will provides that if the testator dies owning the garage and business, the bequests to Adele and Mary shall be a lien on the real estate, dischargeable only by the payment of $50,000 in trust for Adele and payment of *234 $10,000 in cash, less any payments theretofore made, to Mary.
In the opinion of this court, since Mary’s legacy was absolute, it falls within section 29 of the Decedent Estate Law and the children of Mary are entitled to $10,000 divided equally between them, and the will of the testator is so construed.